# WALKER *v.* LYON.

### PARTITION.

1. Where the record in a partition suit fails to show a good title in the parties to the property involved, partition will not be decreed nothwithstanding the allegation of title by one party and its admission by the other.
2. Partition by sale will not be decreed against the protest of one of the parties to a partition suit, where the testimony shows that the property is susceptible of partition in kind.

No. 449. Submitted May 13, 1895. Decided June 4, 1895.

HEARING on an appeal by the complainants from a decree dismissing a bill for partition. *Modified and affirmed.*

The facts are sufficiently stated in the opinion.

*Mr. Leo Simmons* for the appellants.

*Mr. Isaac S. Lyon* for the appellees.

Mr. Justice SHEPARD delivered the opinion of the Court:

This is an appeal from a decree dismissing a bill for partition of a certain lot of land in the city of Washington. The bill was filed January 22, 1889, by Bartow L. Walker and wife, and John H. Walter against Mary E. Walker and others as heirs of William S. Walker, deceased, alleging an ownership of one-half in defendants and one-half in themselves. This was followed by amended bills and bills in the nature of bills of review. These followed alleged changes in the title, until by the last allegations it appears that said Bartow L. Walker claims one-half the lot, and a new defendant, Isaac S. Lyon, the other half. The lot is fifty-five feet wide and one hundred and five feet deep. Before defendant Lyon was made a party, it appears that he offered to divide the lot equally with the complainant, giving him his

choice ; that upon acquiescence he made a deed to one-half and delivered the same to complainant, who finally refused to make partition in that way. Complainant's object was to have the lot sold instead of divided in half, as Lyon agreed to do, on the ground that it would sell for more to be cut up in three lots, than both halves would bring if it were divided into two lots of twenty-seven and one-half feet in width each. Lyon prefers the one lot of the latter width. The testimony shows, and it is conceded, that the lot may be divided into two of perfectly equal value ; but there was some evidence tending to show that lots of that width were not so salable as those of about eighteen feet, and that, consequently, divided into three lots of equal width, the whole would bring more than if divided into two only. Complainant therefore claimed the right to have the whole lot sold and the proceeds divided, while defendant Lyon preferred to have it equally divided and one-half set off to him.

It seems that the court dismissed the bill, first, because not satisfied with the state of the title, and secondly, because, as the lot was susceptible of division into two perfectly equal parts in all respects, a sale could not be ordered against the will of one party for the convenience merely of the other. According to the allegations and admissions of the bills and answers, so many changes had occurred in the title in so many ways, that the court was perfectly justified in holding that the proof of title was insufficient. One of the original heirs of William S. Walker had died insane, and there was some question as to the legality of the proceedings by which her interest had passed. Nor was it perfectly clear that certain other interests had been conveyed. Under such circumstances something more than the allegation of title by one party and its admission by another, ought to be required. There must be a good title shown before the court can be compelled to proceed to partition.

But for the want of satisfactory evidence of title the court might have decreed partition in kind. Clearly there was no ground for an order of sale against the protest of one joint owner who preferred to retain his portion of the lot.

On account of the relations between the parties, it may now be that defendant Lyon will not conclude his offer of division through interchange of deeds, and hence that complainant may yet be compelled to apply to the court to effect a partition in kind. In that event the decree of absolute dismissal would be in complainant's way. The decree will therefore be modified so as to show a dismissal without prejudice to the appellant's right to file another bill for partition in kind. In all other respects *it is affirmed, with costs to the appellee. It is so ordered.*